IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DEBBIE LAFAY GOLDEN                                                                          PLAINTIFF

v.                                            Case No. 4:11CV766 JTK

MICHAEL ASTRUE, Commissioner
Social Security Administration                                                              DEFENDANT

**ORDER**

Pending before the Court is Defendant's Motion to Dismiss, DE # 7. Defendant contends this action should be dismissed because there is no order that is subject to judicial review under 42 U.S.C. § 405(g). Plaintiff's counsel did not file a response to the motion. As explained below, the Motion to Dismiss is GRANTED.

On July 28, 2010, the administrative law judge (ALJ) issued an unfavorable decision finding Plaintiff not disabled under the Social Security Act. (See DE #8-1, Exhibit 1) Thereafter, Plaintiff filed a timely request for review, and on August 15, 2011, the Appeals Council denied the request. (See DE #8-1, Exhibit 2) The Council's notice of denial informed Plaintiff that she had sixty (60) days to file a civil action and that such time started five days after the date of the letter, unless she could show that she did not receive it within that time period. The notice also informed Plaintiff, that if she could not file within the sixty (60) days allotted, she could ask the Appeals Council to extend the time for filing. Id. at p. 2; see also 20 C.F.R. § § 404.901, 404.981, 404.982, 416.1401, 416.1481, 416.1482, 422.210(c). Thus, absent any extension, Plaintiff had up to and including October 19, 2011, to file her civil complaint. Plaintiff commenced this action on October 21, 2011.

The Court notes that Marian Jones of the Office of Disability Adjudication and Review for

the Social Security Administration states that she was unaware of any request by Plaintiff for an extension of time to file this civil action. Further, the Court recognizes that it has authority to equitably toll the statute of limitations. The Supreme Court has recognized that "[w]hile in most cases the Secretary will make the determination whether it is proper to extend the period within which review must be sought, cases may arise where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" Bowen v. City of New York, 476 U.S. 467, 480 (1986). In the Eighth Circuit, however, equitable tolling has been used "only sparingly." See Medellin v. Shalala, 23 F.3d 199, 204 (8th Cir. 1994) (citing Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990)):

> We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, *or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.* We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

(Emphasis in the Eighth Circuit citation). As previously stated, Plaintiff's counsel has not responded to the motion, and this Court certainly cannot find this case to be one where there are equities sufficient to toll the limitations period. Therefore, the Court finds that Plaintiff's complaint was untimely and that Defendant's Motion to Dismiss, DE #7, should be granted and the case dismissed.

WHEREFORE, IT IS HEREBY ORDERED THAT:

1. Defendant's Motion to Dismiss, DE #7, is GRANTED.

2. Plaintiff's case is DISMISSED WITH PREJUDICE.

SO ORDERED this 6th day of February, 2012.

_____
UNTIED STATES MAGISTRATE JUDGE